■ In the Matter of ERNEST T. ROSSIELLO, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [858 NYS2d 401]—

Per Curiam. Respondent was admitted to practice by this Court in 1981. He resides in Illinois.

By order entered January 23, 2008, the Supreme Court of Illinois suspended respondent from practice for a period of four months. That court affirmed the recommendation of the Illinois Attorney Registration and Disciplinary Commission Review Board which found respondent guilty of professional misconduct for, among other things, failing to communicate an $18,000 settlement offer to his client before rejecting it on the client's behalf and for harming the client given that the client's case was dismissed after the unreported settlement offer was rejected by respondent.

Petitioner moves for an order imposing reciprocal discipline pursuant to this Court's rules (*see* 22 NYCRR 806.19). Respondent has submitted a responsive affidavit which does not establish any of the available defenses to reciprocal discipline (*see* 22 NYCRR 806.19 [d]) and we therefore grant petitioner's motion.

We further conclude that, in the interest of justice, the same measure of discipline should be imposed by this Court as was imposed by the Supreme Court of Illinois, namely a suspension from practice for a period of four months.

Mercure, J.P., Rose, Lahtinen, Kane and Kavanagh, JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is reciprocally suspended from the practice of law for a period of four months, effective immediately, and until further order of this Court; and it is further ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an at-

torney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).